PETITION UNDER 28 U.S.C. §2241 FOR WRIT
OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

James Stephens
#996056
Putnamville Corr. Facility
1946 W. U.S. HWY. 40
GreenCastle, IN,
46135

V.

Tricia Pretorius,
WARDEN.

Cause No. 2:23-cv-00376-JPH-MKK

**FILED**

**07/17/2023**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

1.

# 2241 Petition

1.) Name and location of State court that determined guilt. (No State Court judgment) Purported Sentenced by Master Commissioner, Marion County Superior Court, Room 2, Indianapolis, IN. 46204.

2.) Date of Guilt determination. (No State court determination) on September 2, 1999, Master Commissioner accepted open guilty plea. (The court did not)

3.) Sentence imposed. (No State Court judgment and/or sentence imposed). Master Commissioner Purported Sentence is; Count 1 - Burglary - 20 years, Count 2 - Burglary - 20 years - consecutive to count 1. 2 - counts of Theft. On November 4, 1999.

4.) Did you testify at your hearing. (Not before the State court Judge), only before Master Commissioner. Denied right to be heard by Judge.

5.) Did you Appeal. No. (No State Court judgment/No final Appealable order).

6.) Have you previously filed any petitions, applications, or motions with respect to this Master Commissioner's finding in any court State or Federal.
☑ Yes.

2.

7.) If your answer to 6.) was "yes" what was filed
  A.) 2000 or 2001 - first petition for post-conviction relief. 49G05-9805-PC-076033. (See EXHIBIT
     B.) In re Hawkins, 902 N.E. 2d 231 (Ind 2009) page 8.
    B.) Affirmed on Appeal
     Transfer denied.

  C,D.) 2254 habeas filed, dismissed as untimely, however, District Court had no jurisdiction because "No State Court judgment" was ever made. In 1:05-cv-00973-DFH-VSS.

    D.) In July 2019, successive post-conviction petition filed, after grant of authority to file. Denied.

    E.) Affirmed on Appeal, July 18, 2022, 21A-PC-2933. (See EXHIBIT C). Rehearing denied October 17, 2022 (see EXHIBIT C). Transfer denied on December 15, 2022 (see EXHIBIT C).

    F.) 2254 habeas filed, Dismissed as successive, on June 8, 2023. However, "No State court judgment" was ever made. District Court had no jurisdiction from the start. No. 2:23-cv-00233-JRS-MJD.

Grounds raised in those proceedings.

A.) Due process right to an adequate psychiatric examination to determine competency to stand trial. (Two Doctors appointed, one examined and submitted his report to court). While waiting on second doctor case was removed from expidited court, to Room 2. (No second exam, no second report ever submitted to the court).

Due process right to be sentenced on accurate information in the presentence investigation report. Objection stated September 24, 1999 to master commissioner.

D.) Due process right to have judge preside. Whether master commissioner was biased and had ex parte communications with Stephens' attorneys. Whether consecutive sentences were mandatory.

8.) State concisely every ground on which you claim that your United States Constitutional rights were violated.

A.) Ground One: Fifth Amendment and Fourteenth Amendment of the U.S. Constitution, liberty interest in being sentenced by the state court. Stephen was denied his liberty without a "state court judgment. Detention unlawful as there in no court judgment."

4.

Ground One, supporting facts:

On May 14, 1999, the case was transfered from expidited court, Judge William Young, to court room 2, Judge Robyn L. Moberly and master commissioner Amy Barnes. A status hearing was held on May 19, 1999, where Judge Moberly appointed John Gannon, tempory judge. Laura Iosue, public defender fails to appear. pro Tempore judge Gannon appoints public defender Luanne Morrisey. And sets a pre-trial conference on May 20, 1999. On May 20, 1999, judge Moberly asked Stephens what is the status of the Motion for psychiatric exam filed by Laura Iosue and granted by Judge Young in the expidited court.

Stephens informs judge Moberly, that one doctor examined him and he was waiting on the second doctor to examine him. Judge Moberly states, "I think your competent." Which denied Stephens his due process right to have a full and fair psychiatric examination. May 20, 1999, was the only time Stephens was face to face with Judge Moberly for about (5) five minutes.

On June 30, 1999, at a pre-trial conference before master commissioner Amy Barnes, she allows Stephens

to waive counsel and proceed pro se without advising him of the dangers of proceeding pro se. There was never an order by the judge or court accepting a waiver.

On September 2, 1999, on the mourning of the jury trial, Stephens stated he places himself on the mercy of the court and pleads guilty. The master commissioner was to preside over the trial. She accepted Stephens guilty plea. The master commissioner was in a hurry to dismiss the jurors and not keep them waiting. The judge never ordered that the court accepts the guilty plea. There's no order in the record. The master commissioner ordered a presentence investigation report with sentencing set for September 24, 1999. The judge, "the Court" pursuant to statute was to preside over the guilty plea hearing.

On September 3, 1999, Luanne Morrisey, PD. files a motion to dismiss, on grounds that the master commissioner lacks judicial authority over guilty plea hearings and sentencing. The master commissioner takes motion under advisement. No ruling was made.

Q.6.

On September 24, 1999, at sentencing, master commissioner presiding. Stephens objects to being sentenced under the grounds of the pre-sentence investigation report being wrong. "The court", or judge never corrected the PSI report. The master commissioner ordered Stephens to be finger printed and set sentencing for November 3, 1999. On this day the master commissioner was never appointed as a judge pro tempore, or as a special judge.

On October 14, 1999, Stephens filed a motion to withdraw his guilty plea. The court denied it. However, the guilty plea was never accepted by "the court" or judge.

On November 3, 1999, the master commissioner was not appointed as judge pro tempore or as a special judge. The purported judgment by the master commissioner is not a final judgment. At best it is a finding and recommendation and a report of the master commissioner without her signature. There is no order of the court adopting and approving the report of the master commissioner. There is no "state court judgment." The order of commitment is based on a master commissioner's report

7. ⑧

Stephens objected to the master commissioner presiding. "The court," pursuant to statute never pronounced a sentence on Stephens.

On November 4, 1999, the chronological case summary shows, the court modified the abstract of judgment so that judge Robyn Moberly's signature appears on the abstract of judgment and on the criminal court commitment order. Per Trial rules the abstract is to be signed by the judge who ordered the conviction.

The appropriate procedure was for the trial judge to appoint the master commissioner as judge pro tempore on November 3, 1999, to permit her to enter a final judgment. In the alternative the trial judge could have entered the final judgment herself upon review of the master commissioner's findings.

Stephens is not held in custody under the "final judgment of a state court". Therefore, his claims cannot be raised in 28 U.S.C. § 2254.

Because of the negligence of the State, Stephens was denied his liberty without due process of law, a judgment of conviction pursuant to Ind. code § 35-38-1-1, Entry of judgment and Ind. code 35-38-1-3.

8.

In another case of Stephens' cause 49G02-9805-CF-086001, Indiana court of Appeal Number-49A02-0003-CR-136. On November 17, 1999, Stephens was found guilty after a jury trial for Burglary and theft and sentenced by Judge Robyn Moberly to fourteen (14) years consecutive to 49G02-9805-CF-076033. Stephens does not challenge the 49G02-9805-CF-086001 case.

Ground Two: With Supporting Facts:

Fourteenth Amendment of the U.S. Constitution. Due process right to a full and complete psychiatric examination by two (2) doctors appointed by the court. And have both reports filed with the court.

On April 12, 1999, a motion for psychiatric exam was granted in expidited court by Judge William Young. He appointed two (2) doctor's to examine Stephens. One doctor examined Stephens and filed his report with the court.

While waiting on the second doctor to examine Stephens, the case was transfered from expidited court to court room 2, Judge Moberly.

On May 14, 1999, the court orders a status hearing for May 19, 1999.  At this hearing Judge Moberly asks Stephens, what is the status of the psychiatric exam.  Stephens informs her that one doctor seen him and that doctor told Stephens another doctor will be to see him soon.  The judge then states, I think your competent.  And on May 19, 1999, she appoints Luanne Morrisey.

The CCS shows Judge Moberly appoints John Gannon, Temporary judge on May 19, 1999, However, this is not correct.  The transcript of the status hearing will show this.  On March 10, 2004, court reporter Charlolette Jones files transcript of status hearing May 20, 1999. Transcript of status hearing prepared per request of master commissioner Nancy Broyles, court room 5,  Judge Hawkins assigned Stephens first post-conviction petition to commissioner Broyles.

Master commissioner Broyles, denied Stephens his due process right to a full and fair post-conviction proceeding when, there was a nine (9) month delay, A note in a file by commissioner Broyles states: "Show file lost causing delay in ruling." She issued the ruling without the file ever having been found. Commissioner Broyles' issuance of final orders without proper authority. Judge Hawkins was regularly permitting commissioner Broyles to enter final orders in PCR-post-conviction relief cases, instead of reporting her findings to him for his own review and entry of the final order, Just like Master commissioner Amy Barnes-(Barbar, now) did on November 4, 1999 and Judge Moberly never entered a final appealable order. (See EXHIBIT D, In re Hawkins, 902 N.E. 2d 231 (Ind. 2009) page 8)

Stephens appealed, see Stephens V. State, 2008 Ind. App. Unpub. No. 49A02-0704-PC-355. However, the appeal was tainted by the actions of the master commissioner Nancy Broyles, above.

As stated in the appeal, the court did not wait for the second doctor to examine Stephens and file a second report to the court. The court violated Stephens due process right to be examined by two (2) doctors pursuant to Indiana code § 35-36-3-1.

The master commissioner in 1999, did not wait for a proper psychiatric examination to be completed. On June 30, 1999, the master commissioner let Stephens proceed pro se dispite the examination not being completed And the master commissioner allowed him on September 2, 1999 to plead guilty.

Judge William Young, had more time to observe Stephens when he granted the motion for the psychiatric exam. Judge Moberly seen Stephens for about five minutes. Defense counsel filed the motion for exam because she stated Stephens is severly depressed causing him to be irrational and not able to assist counsel in her defense strategey.

The accused has a constitutional right not to be tried if he does not have the ability to comprehend the proceedings or to assist in his defense. Pate V. Robinson, 383 U.S. 375 (1966). Stephens was denied his due process right to an exam by two (2) doctors. Commissioner Broyles had all the evidence in her files, however it was convienently lost and never found.

Ground Three: With Supporting facts:

On January 12, 1999, Stephens filed a motion to suppress a statement given to detectives after he requested an attorney. On February 19, 1999, the hearing was held, with Judge William Young presiding. One Detective admitted that Stephens requested an attorney. The state asked for a continuance. The court took the motion under advisement, Cause Number 98-099745.

On March 12, 1999, Judge Young granted the motion to suppress statement given to detectives (See Chronological Case Summary EXHBIT E, pg 14). The State filed a Motion to Dismiss that cause for Evidentiary reasons. The Judge dismissed it,

On June 30, 1999, Stephens did not waive counsel Luanne Morrisey was appointed in court room 2. Master commissioner never presented Stephens with a waiver of counsel form to sign. The Judge Robyn Moberly never accepted a waiver of counsel by Stephens. (EXHIBIT E, pg 17).

On August 13, 1999, Stephens requested a copy of the transcript prepared on the case number 98-099745, Judge William Young dismissed in expidited court. (EXHIBIT E, pg. 20).

On September 22, 1999, the presentence investigation report was filed. On September 24, 1999, Stephens objects to being sentenced under grounds of the report being wrong. Master commissioner orders Stephens to be fingerprinted. However, no corrections were considered or made.

The presentence investigation report shows that Stephens is to plead guilty to cause number 49G02-9806-CF-099745. However, this is the cause Judge William Young, granted the motion to suppress statement given to Detectives, because one of the detectives admitted that Stephens requested a attorney. (EXHIBIT F, pg 6).

The State filed a motion to dismiss for evidentiary reasons. The court dismissed 49G02-9806-CF-099745 on March 12, 1999.

Stephens objected to being sentenced on inaccurate information in the presentence report. The master commissioner used 49G02-9806-CF-099745 to sentence Stephens to consecutive sentences for the burglaries in 49G02-9805-CF-076033. Because Stephens was out on bond for 98-076033, and allegedly committed the 49G02-9806-CF-099745. In the guilty plea transcript, the master commissioner stated, she relies heavily on the presentence investigation report when sentencing. This transcript, the Indiana court of Appeals has, and all other documents No. 21A-PC-2933. (See EXHIBIT F, State of Indiana, Presentence Investigation Report pg.6)

Stephens could not Appeal, because the Indiana court of appeals only has jurisdiction on final Appealable Sentences and orders. There has been no final Appealable State court judgment in this case.

14. Do you have any petition or appeal now pending in any court or administrative agency, either state or federal, as to the judgment under attack?

    a.   Yes ☐    No ☒

15. ~~Give the name, Title, and/or D.O.C Numbers, if known, of each offender, of any staff or lay-advocates, who represented you in the following stages of the disciplinary proceedings in the following stages of the judgment attacked herein:~~

    ~~a)   At Disciplinary hearing:~~

    ~~b)   At Institutional Level Appeal:~~

    ~~c)   At I.D.O.C. Level Appeal:~~


**WHEREFORE**, Petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding. and order an immediate release from the illegal detention.

_James Stephens_
Signature of Petitioner


## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on

DATE: July 11th, 2023

_James Stephens_
Signature of Petitioner


## CERTIFICATE OF SERVICE

I, James Stephens, hereby certify that on this 11th day of July 2023, I served a true and correct copy of the foregoing Petition under 28 USC § 2241 For Writ Of Habeas Corpus upon the Attorney General of Indiana, Indiana Government Center South, Fifth Floor, 302 W. Washington Street, Indianapolis, Indiana 46204; by ordinary, first class, postage prepaid, United States Mail.

and upon Warden Pretorious, Putnam Corr, Facility 1946 W, U.S, HWY, 40 GreenCastle, IN, 46135

_James Stephens_
Signature of Petitioner